ANTHONY TEONG-CHAN GAW AND ROSANNA W. GAW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gaw v. Commissioner
Docket No. 8015-92
United States Tax Court
T.C. Memo 1993-379; 1993 Tax Ct. Memo LEXIS 384; 66 T.C.M. (CCH) 466; August 24, 1993, Filed *384 For petitioners: Donald L. Feurzeig and John M. Youngquist. For respondent: Cynthia K. Hustad and Daniel P. Ramthun. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: This case is before us on the parties' cross-motions to dismiss for lack of jurisdiction. Respondent moves for dismissal on the ground that the petition was untimely under section 6213(a). Petitioners ask that the case be dismissed on the ground that the statutory notice of deficiency was not mailed to their last known address pursuant to section 6212(b). All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners have also moved the Court to enjoin assessment and collection of the determined deficiencies in, and additions to, tax, citing Rules 55 and 56. Respondent has agreed to cease levying on certain properties and otherwise to cease collection of amounts assessed pending the outcome of the Court's decision on the jurisdictional issue. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated herein by this reference. Petitioners *385 Anthony Teong-Chan Gaw (petitioner) and Rosanna (Rossana) W. Gaw resided outside the United States in Hong Kong, British Crown Colony, on April 17, 1992, the date the petition in this case was filed. Petitioner was born in Burma. He and his family moved to Hong Kong in about 1956, when he was about 15 years of age. In 1959, he came to the United States to attend Purdue University. He received post graduate education in chemical and electrical engineering at Stanford University and at the University of California at Berkeley. He met his wife while in Berkeley, and they were married in 1967. Petitioner thereafter worked for the Honeywell Corporation in the United States for about 1 year. Petitioner returned to Hong Kong in 1970. Petitioner then began assisting in the operation and management of a number of businesses successfully established by his father that were located in Thailand, Hong Kong, and Burma. Petitioner's mother-in-law was a major shareholder in one of those companies. In 1977, petitioner established a residence in the United States in order to qualify for U.S. citizenship. In 1980, he became a naturalized citizen of the United States. He then returned to *386 Hong Kong to help run the family businesses. In 1983, petitioner's father passed away. In 1987, petitioners' children began attending college in the United States, and petitioners purchased a home in Hillsborough, California, at which the children resided during holiday and summer recesses. Petitioners also resided there from time to time when visiting the children. Sometime thereafter, and until approximately November 1990, petitioners also resided from time to time at a separate location in Hillsborough at 30 Paradise Court (the Paradise Court address). In July 1988, Kenneth Chan (K. Chan), an international examiner for the Internal Revenue Service (IRS), began an examination of the 1985 tax return for Radcliffe Investments, Ltd., one of the family business entities managed by petitioner. That examination was expanded to include an examination of petitioners' 1985, 1986, and 1987 individual tax returns. In September 1988, petitioners appointed a certified public accountant, Sammy Chan (S. Chan), as attorney-in-fact to represent them before the IRS. They completed and submitted to the IRS a Form 2848, Power of Attorney and Declaration of Representative. (The record reveals *387 no family relationship between K. Chan and S. Chan.) In August of 1990, K. Chan provided S. Chan with proposed adjustments respecting petitioners' Federal income taxes for the years at issue. For several months, they maintained close contact and frequently communicated about the proposed adjustments. By letter dated November 2, 1990, S. Chan notified K. Chan that petitioner was residing in Hong Kong and that all further correspondence should be addressed to 43A Stubbs Road, 18th Floor, Victoria Heights, Hong Kong (the Stubbs Road address). On November 19, 1990, petitioner transmitted to S. Chan by fax machine an unsigned letter indicating an intention to revoke the latter's power of attorney that had been effectuated in the September 1988 Form 2848. The letter was on paper bearing the printed words "From the desk of . . . ANTHONY T. C. GAW". On that same date, S. Chan transmitted to K. Chan by fax machine a copy of that letter and a letter under his own signature informing the IRS that petitioners instructed him to terminate the power of attorney as of November 19, 1990. (We refer to these letters as the November 19 letters.) Petitioner next corresponded with K. Chan by way *388 of letter dated December 18, 1990 (the December 18 letter). He stated, inter alia, as follows: I understand from my office that you have some legal documents which you are obligated by law to deliver to me by hand or by certified mail. To ensure that your mails will reach me, please send them to my address as shown above [the Stubbs Road address]. I'll be in Hong Kong between now and January 15, 1991 and after that I'll be living in Burma for one year to negotiate with the Burmese government for the return of my father's business that the government had nationalized in 1963.
Petitioner's letter did not provide the IRS with a mailing address where he could be reached during the stay in Burma. By letter dated December 31, 1990, S. Chan wrote to K. Chan as follows: RE: MR. & MRS. ANTHONY GAW. Enclosed please find a fax received by our office from Mr. Gaw. As I have mentioned before, our firm no longer have the Power of Attorney from Mr. Gaw. Also, we had recently been informed by Mr. Gaw that no Power of Attorney were ever granted to Mr. Charles Smith and that he is not handling Mr. Gaw's account at the present time.
Charles Smith had previously been identified *389 as a new representative for petitioner. The attached fax "From the desk of . . . ANTHONY T. C. GAW" stated: Please inform Kenneth Chan that probate relating to my father's estate was granted in court on 13th June, 1986. Therefore my inheritance was effective after that date.
On January 15, 1991, petitioner drafted a letter (the January 15 letter), the substance of which was to advise K. Chan that petitioner had instructed his attorney, of the Hong Kong firm Johnson, Stokes & Master, to write K. Chan and request that all future legal documents be sent to the attorney at the firm's address. K. Chan did not receive this letter, and the IRS has no record of receiving it. K. Chan did, however, receive a letter dated January 16, 1991, from Johnson, Stokes & Master (the Johnson Stokes letter), which was sent by double registered airmail. The Johnson Stokes letter stated in part: We refer to Mr. Gaw's letter to you of 18th December, 1990 in which, inter alia, he requested that any documents which it was necessary to serve upon him should be sent to him at his above address [the Stubbs Road address] in Hong Kong, which we understand to be his registered address for U.S. *390 tax purposes. Mr. Gaw has so far received no response to his letter nor has he received any documents from you. As indicated in his letter of 18th December, Mr. Gaw will be away in Burma for approximately the next two months at the least, in which country it will be very difficult to contact him. Any documents forwarded to his address in Hong Kong cannot be dealt with because there is no one to receive them. Mr. Gaw is anxious that you should receive every cooperation in any proper enquiries you wish to make concerning his tax affairs in the United States. Consequently, he wishes to request that you would please forward to us * * * copies of any papers or documents which you wish to serve upon him and we will do what we can to answer any questions you have. We can then make sure that Mr. Gaw receives such copies on his next return to Hong Kong.
The address of the law firm of Johnson, Stokes & Master appears in the letterhead of the Johnson Stokes letter. The last correspondence between the parties, prior to issuance of the notice of deficiency, was a letter dated June 5, 1991, that petitioner sent by certified mail to K. Chan. The text of that letter was as follows: *391 This is to inform you that Rossana Wang Gaw had abandoned her permanent residency in U.S. since 1980. She had lost her permanent residency status by leaving U.S. for more than one year since 1979. Any further harassment, threat and intimidation on her by you (which you have done in 1988 in Hong Kong) will attract lawsuit from her. She will not entertain any letters from you that is irrelevant to her status as a non-U.S. person. I had waited in Hong Kong until January 28, 1991 for your response to my letter of December 18, 1990 and so far I have received none. This is also to inform you that I will be stationing in my native country, Burma, from now until June, 1992. Any information you need regarding Pioneer or any other companies, please write to the Board of Directors of those companies who have the proper authority to deal with you.
Again, no address in Burma for petitioner was provided. The return address for petitioner appearing on the letter was the Stubbs Road address. The letter contained no reference to the Johnson Stokes law firm. By statutory notice sent by registered mail on October 8, 1991, to petitioners at the Stubbs Road address, respondent determined *392 the following deficiencies in, and additions to, petitioners' Federal income taxes: Additions to Tax, Secs. Year
Deficiency
6651(a)(1)
6653(a)(1) 6653(a)(2) 6661
1985
$   287,040
$   71,643
$  14,763
[1]
$   71,760
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 6,745,168
$ 1,686,292
$ 337,258
[1]
$ 1,686,292
1987
3,030,055
758,386
152,258
[1]
757,514
At that time, the Stubbs Road address was the address shown on petitioners' most recently filed tax return and was reflected as the address of record for petitioners on respondent's computer masterfile as of September 3, 1991. On the same day, respondent sent a duplicate original of the notice of deficiency by registered mail to petitioners at the Paradise Court address. K. Chan did not choose the date for mailing the notice. October 8, 1991, was believed to be the last day on which a notice would be timely with respect to petitioners' 1987 return. Petitioners did not receive either of the mailings. The notice of deficiency mailed to the Paradise Court address was returned to respondent by the U.S. Postal Service as undeliverable. *393 The notice of deficiency mailed to the Stubbs Road address was accepted by the apartment manager, who returned the notice of deficiency to respondent with a letter explaining that petitioner was traveling in Southeast Asia until the end of 1991. Petitioners returned to Hong Kong in December 1991, but they did not receive a copy of the statutory notice until sometime later. The petition in this case was filed 192 days after the mailing of the duplicate notices of deficiency. Petitioners' post-hearing brief asserts that the notice was not remailed before expiration of the period of limitations for 2 of the 3 years involved. OPINION The jurisdiction of this Court is limited by statute and attaches only upon the issuance of a valid notice of deficiency and the timely filing of a petition. Secs. 6212 and 6213; ; ; . Where the notice of deficiency is addressed to a person outside the United States, as is the case here, the time required for filing *394 a petition with this Court is within 150 days after the mailing of the notice. Sec. 6213(a). It is undisputed that the petition in this case was untimely. If we were to dismiss the case on that ground, "petitioners would not be entitled to challenge the merits of the deficiency in this Court, but would be required to pay the full assessment and file a claim for refund prior to challenging the merits of the assessment in court through a suit for refund." , affd. without published opinion . If, however, as petitioners contend, the notice of deficiency is invalid, we will dismiss the case in their favor on that ground. . A notice of deficiency is valid if mailed to the last known address of the taxpayer. Sec. 6212(a) and (b). Actual receipt of the notice by the taxpayer is not required; a notice mailed to the last known address is valid for all purposes on the date of mailing even if the taxpayer never receives it. . *395 Petitioners bear the burden of proving that the notice of deficiency was not mailed to their last known address. . The term "last known address" is not defined in the Code or in the regulations. We have held that, absent a clear and concise notification of a change in address, respondent is entitled to treat the address shown on the taxpayer's most recently filed tax return as the last known address. . It is the taxpayer's obligation to notify the Commissioner of a new address "or else accept the consequences". , affd. without published opinion . When notified of a change of address, respondent must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. . Whether respondent acted with reasonable care and diligence is to be determined in light of *396 all the facts and circumstances of each case. Petitioners argue that, under the facts presented herein, respondent failed to exercise reasonable care and diligence in ascertaining their last known address. Much of the evidence of record was offered by petitioners in an attempt to establish a personal animosity for petitioners on the part of K. Chan, from which we are asked to infer an intentional failure to use reasonable care and diligence in ascertaining petitioners' last known address. By contrast, we are asked to understand petitioners' anger at K. Chan and -- determine the clearness and conciseness of * * * [petitioners' actions] not by some strict objective standard but by taking into account that the taxpayers live in a Chinese culture with a British-type legal system and cannot be held to some standard of precision in communication that might be expected from citizens who live here and deal with the IRS on more familiar ground.
Petitioners contend that, because respondent was notified by the December 18 letter that petitioner would be temporarily away from the Stubbs Road address for a definite duration, it was unreasonable for respondent to treat the Stubbs Road *397 address as petitioners' last known address. Petitioners cite the following cases in support of this contention: ; ; ; . As petitioners acknowledge in their brief, however, in the cases they cite, agents of respondent had actual knowledge of the specific whereabouts of the taxpayers. Under those circumstances, even in the absence of clear and concise notification of a change in address, it may be unreasonable for respondent to refrain from mailing the notice of deficiency to the address at which respondent knows the taxpayers reside. There is a crucial distinction between the facts in the cases relied on by petitioners and those in this case. Neither the December 18 letter nor any other communication provided respondent with a new address for petitioner for the time he would be in Burma; the December 18 letter only advised that petitioner would be in Burma, generally, for some *398 period. Respondent never acquired any knowledge of petitioner's specific whereabouts during that period. Nor was a notice of any change of address ever provided by petitioner Mrs. Gaw. The IRS was obligated to send the notice of deficiency to her at the Stubbs Road address, and it is clearly valid as to her. The notice would have been received by petitioners at that address in December 1991 but for the intervention of the apartment manager. Petitioners further argue that respondent was obliged to mail the notice of deficiency to either S. Chan or Johnson, Stokes & Master. They contend that the November 19 letters did not legally terminate S. Chan's power of attorney because petitioner did not sign the letter terminating the power of attorney. We do not believe, on this record, that S. Chan held a valid power of attorney at the time the notice of deficiency was mailed. Even if we assumed that S. Chan continued to hold the broad power of attorney under Form 2848, respondent was under no obligation to mail the notice of deficiency to him. Any such mailing is a courtesy to the taxpayer and not an obligation of respondent under section 6212. ; *399 see also USTC par. 9338 (N.D. Cal. 1986). Petitioners also contend that, through the Johnson Stokes letter, respondent received clear and concise notification of their desire to have all future communications sent to their attorney's address and therefore that address was their last known address for purposes of mailing the notice of deficiency. Where taxpayers file a power of attorney with the IRS that specifically instructs the IRS to direct all communications to the address of the named representative, said address constitutes a proper address for mailing of the notice of deficiency. ; . Or, where the IRS knows and works with a representative of the taxpayer, due diligence may require verification of an address with that representative. See . In this case, however, petitioners never filed such a power of attorney with the IRS or otherwise *400 personally designated the address of Johnson Stokes as their address. The January 15 letter drafted by petitioner was never received by respondent. (We are not persuaded by the evidence that the letter was ever sent by petitioner.) The Johnson Stokes letter was sent by the law firm and not by petitioners and thus could not be construed by respondent as proper authorization for mailing of the notice of deficiency to the address of the law firm. The Johnson Stokes letter contains no reference to the January 15 letter, although it refers expressly to petitioner's December 18 letter. Finally, the Johnson Stokes letter requested copies, not originals, of any papers or documents. This did not authorize the mailing of the notice of deficiency to the firm. See . The last communication received by the IRS from petitioner prior to the date of the statutory notice, October 8, 1991, used the Stubbs Road address and did not mention the Johnson Stokes firm. This communication was sent in June 1991, almost 5 months after the Johnson Stokes letter. Petitioner had already terminated the authority of one representative *401 and had not personally acknowledged any other. He had not followed through with one lawyer (Charles Smith) whose identity was provided to K. Chan by S. Chan. We cannot conclude that respondent was required or even permitted to mail the notice of deficiency to the Johnson Stokes firm in these circumstance. Only the Stubbs Road address constitutes petitioner's last known address in the circumstances of this case. Upon consideration of the entire record, we hold that the notice of deficiency was mailed to petitioners' last known address and was therefore valid. Petitioners' other arguments have been considered but are not persuasive. Because the petition filed by petitioners was untimely, we are without jurisdiction to enjoin assessment and collection. See sec. 6213(a); . Accordingly, we will grant respondent's motion to dismiss for lack of jurisdiction and deny petitioners' motions. An appropriate order will be entered. Footnotes
1. 50 percent of the statutory interest due on the deficiency.↩